Johnson, J.
 

 — When the defendant received this note, he had notice, from its indorsement, from-the course of business of Smith & Co., with which he .was acquainted, and from the letter which - inclosed the note to him,-that it was placed in their hands for collection only, on account of the owners, the plaintiffs in this suit. Under these circumstances, if he had made advances updn
 
 *141
 
 account of it, he could not have held the note, nor its proceeds, against the plaintiffs.
 
 (Clark
 
 v.
 
 Merchants’ Bank,
 
 2 N. Y. 380.) Of course, in this case, where he had made no advances on the faith of the note, he cannot acquire a title to it, by bringing it into account with Smith & Co., after its payment, and calling the transaction a discount. The judgment should be affirmed.
 

 Judgment affirmed.
 
 [1]
 
 .
 

 [1]
 

 See Scott
 
 v.
 
 Ocean Bank, 23 N. Y. 289 ; s. c. 5 Bos. 192; Hoffman v. Miller, 9 Ibid. 334; Commercial Bank of Clyde v. Marine Bank, 1 Abb. Dec. 405. It is difficult to reconcile these cases with the rule laid down' by the supreme court of the United States, in Swift
 
 v.
 
 Tyson, 16 Pet. 1; and Bank of the Metropolis
 
 v. New
 
 England Bank, 1 How. 234; and the decision of the supreme court of Massachusetts, in Le Breton
 
 v.
 
 Peirce, 2 Allen 8; though the learned judge who delivered the opinion of the court, in Hoffman v. Miller, attempted to distinguish them. On this interesting question, see the learned note of Judge Bedeield, in 10 Am; L. Beg 35-42.