Harris, J.
 

 Great irregularities have occurred in the proceedings through which this cause has reached this court. The action was tried at the circuit and by a jury. Upon the trial evidence was offered by the plaintiff, which, being objected to by the counsel for the defendant, was excluded; an exception was taken to the decision. The testimony being closed, the court directed the jury to assess tie value of the
 
 *596
 
 property in question. The defendant’s counsel requested the court to give certain instructions to the jury in relation to the effect of a part of the evidence upon a question of value. This the court refused to do, and the counsel for the defendant excepted. The jury having rendered a verdict for the plaintiff, the court ordered that the motion for judgment, upon a case to be made, be heard at a general term in the first instance, and that judgment be suspended in the meantime.
 

 This order was clearly irregular. The judge at the circuit had no authority to make such an order. There are but two cases in which the proceedings upon a trial at the circuit can be reviewed at the general term in the first instance, before judgment. One is, where the unsuccessful party desires to move for a new trial upon exceptions taken by him upon the trial. In that case, the judge trying the cause may, if he deem the questions presented by the exceptions of sufficient importance, direct that the motion for a new trial upon the exceptions be heard in the first instance at a general term and that judgment be suspended until such hearing. If the exceptions are sustained, the general term is authorized to grant a new trial; if not sustained, to render final judgment. The other case is where, upon the trial, an tincontroverted state of facts is presented, involving only questions of law. In that case the judge may, if he think fit, direct a verdict, subject to the opinion of the court at the general term. In form, the verdict is rendered in favor of one party or the other, and it is quite immaterial which. The only effect of rendering the verdict in favor of a party is, that it ¿evolves on him to prepare the case upon which the general term is to render judgment.
 

 The case before us was not in a situation to authorize the judge, at the circuit, to send it to the general term for final judgment. The plaintiff had taken an exception to the ruling of the court upon a question of evidence. If unsuccessful upon the trial, he had a right to have that question
 
 *597
 
 considered, upon an application for a new trial. But he was not unsuccessful. The verdict was in his favor. He had, therefore, no occasion to avail himself of his exception as a ground for a new trial. And yet the general term has rendered final judgment against him. This it was not authorized to do. The verdict being for the plaintiff, the case could only go to the general term upon the exception of the defendant, and all that the general term could regularly do was to render judgment upon the verdict if the exception was not well taken, or, if well taken, to grant a new trial.
 

 The case was not in a predicament to authorize the court to direct a verdict subject to the opinion of the court at a general term, for the reason that exceptions had been taken upon which the parties had a right to be heard upon a motion for a new trial; and upon a verdict subject to the opinion of the court the question is never whether a new trial shall be granted, but which party, upon a conceded state of facts, shall have final judgment.
 

 But if these irregularities are to be disregarded, I have ao difficulty in affirming the judgment. The defendant is chargeable with no breach of obligation or duty. He was the master of a vessel bound from New-York to San Francisco. The plaintiff, upon an adventure, shipped on board his vessel three cases of boring machines. They were consigned to Charles E. Hunter Upon arriving at San Francisco, the defendant, received a letter from the plaintiff, informing him that one Dali, a carpenter, had taken one of the machines over the Isthmus to exhibit, and directing him, if Dali could do anything with the machines by way of sale, to deliver them to him, he paying the freight thereof, and, if Dali should be unable to sell them, to keep the cases on board the vessel. Neither Hunter the consignee, nor Dali to whom the plaintiff" had directed the defendant to deliver the machines, would receive them. Under these circumstances, the defendant had nothing to do but to obey the plaintiff’s instructions, and keep them on board his vessel. This he did. The vessel
 
 *598
 
 remained at San Francisco several months, and, receiving no further directions in relation to the machines, they were brought back to New-York upon the return of the vessel. The defendant might, perhaps, have been justified, even without instructions, in storing the machines at San Francisco when he left, but he certainly was under no legal obligation to do so. Upon the merits, therefore, the judgment should be affirmed.
 

 But a majority of the court are of the opinion that the irregularities, before noticed, are too serious to be overlooked. They, in fact, amount to a mistrial. Upon this ground, the judgment must be reversed and a new trial granted, with costs to abide the event.
 

 All the judges concurred, except Roosevelt and Strong,
 
 3s.,
 
 who were in favor of affirming the judgment, as being correct upon the merits, and not void, though reached by an erroneous practice.
 

 Judgment reversed and new trial ordered.