By the court—Marvin, Justice.
The defendants took numerous exceptions to the admission of evidence during the progress of the trial. When the plaintiff rested, the defendants moved for a nonsuit, which Avas refused, and the defendants’counsel excepted. The-defendants then gave evidence, and again moved for a nonsuit on numerous grounds, which the counsel specified. This motion was denied. The defendant Drake, then reneAved the motion in his own behalf, Avhich was denied, and he excepted.
The case states that, the jury under the direction of the court, rendered a verdict for the plaintiff for $158.04, subject to the opinion of the court at general term, upon a case to be made by the plaintiff, Avith leave to either party to turn the same into a bill of exceptions, or a special verdict, to which direction and finding the defendants then and there excepted. The plaintiff now moves for judgment upon the verdict and case, which contains all the exceptions.
The practice pursued on the trial, is entirely unauthorized. All we can do with this case is to direct a new trial upon the ground that there has been a mistrial.
All motions for neAV trials, and all applications for judgments on special verdicts or cases reserved for argument or further consideration, must in the first instance be heard and decided at the circuit or special term, except that Avhen exceptions are taken, the judge trying the cause may, at the trial, direct them to be heard in the first instance at the general term, and may in the meantime suspend the entry of j udgment. In such case, they (the exceptions) must be heard at the general term in the first instance, and judgment there given. And where upon the trial, the case presents only questions oflaw, the judge may direct a verdict subject to the opinion of the court at a general term, and in that case, the application for judgment must be made at the general term. (Code, § 265.)
The order is not in this case, that the exceptions taken by the defendants, be heard in the first instance at the general term, but a verdict is directed, subject to the opinion of the court at general term, upon a case to be made by the plaintiff. *538 It is not a case_contemplated by the provision relating to a case presenting only questions of law. It is true, that all the decisions of the judge admitting or rejecting evidence and which are excepted to, are questions of law, but not those questions of law contemplated by that provision of the Code. The case itself must present the questions of law; that is, the case tried. The questions of law must arise out of the undisputed facts of the case. In such a case the court may direct a verdict subject to the opinion of the court at general term. The case will be settled in the form of ascertained and undisputed facts, iilvolving no exceptions to the admission of evidence to prove these facts. The undisputed facts being ascertained, a question of law will be raised, which may be sent to the general term, by directing a verdict subject to the opinion of the court at general term.
We can pronounce no judgment upon the case containing the exceptions now before us, and all we can do is to order a new trial. (See Cobb agt. Cornish, 16 N. Y. Rep. 602; Gilbert agt. Beach, id. 606.)