## MORANGE *vs.* MORRIS.

When a question of law, only, is raised at the circuit, which is decided by the justice there presiding and disposes of the whole case, and the justice directs the finding of a verdict, and judgment is entered thereon, an appeal from such judgment, to the general term, may be immediately taken.

Such a judgment is to be deemed entered upon the direction of a single judge, within the meaning of section 348 of the code.

WHEN this case was called for trial, at the circuit, the parties appeared, and the pleadings were read. No

Morange *v.* Morris.

evidence was offered by either party. The questions raised by the pleadings were argued by counsel, and the court thereupon decided that the plaintiff was entitled to judgment upon the pleadings, for the amount claimed in the complaint, and directed the jury to find a verdict accordingly. To this decision and direction the defendant's counsel excepted. A verdict was then rendered, pursuant to such direction of the court, and judgment entered thereon; from which judgment the defendant appealed to the general term.

*H. H. Morange,* plaintiff, in person.

*J. J.. Glover,* for the defendant.

*By the Court,* BONNEY, J. The plaintiff moves to dismiss the appeal, upon the ground that no motion has been made at a special term, for a new trial, and the judgment was not entered upon the direction of a single judge, in such a sense as to authorize an appeal.

The question raised by this motion has been several times presented incidentally to the court, and should be definitively disposed of. The code (§ 348) provides that an appeal *upon the law* may be taken, to the general term, *from a judgment* entered upon the report of referees, or *upon the direction of a single judge* of the same court, in all cases. This is an appeal upon the law, to the general term from a judgment, and in those particulars is certainly within the words of the statute. The only question is, was the judgment entered upon the direction of a single judge ? The plaintiff insists that, although the only question to be determined between these parties was raised by the pleadings, and was a question of law, which was heard and decided by a single judge, presiding at the trial, who directed the finding of the verdict upon which the judgment was entered, yet the judgment was not entered by any judge, but by the clerk, pursuant to statute, (*Code,* § 264,) and that, to entitle him to appeal, the

defendant must first move at circuit or special term, before the same or another single judge, for a new trial, and, if his motion is denied, appeal from the order made thereon.

This section (264) of the code provides that upon receiving a verdict the clerk shall enter it, in the manner specified, in his minutes, and enter, *either the judgment rendered thereon* or an order that the cause be reserved for argument or further consideration; and, if a different direction be not given by the court, he must enter judgment in conformity with the verdict; that if an exception be taken, it may then be reduced to writing and entered in the judge's minutes, and afterwards stated in a case or separately; and that the judge who tries the cause may, at the same term or circuit at which the trial is had, entertain a motion, on his minutes, to set aside the verdict and grant a new trial: and when such motion is heard and decided on the minutes, and appeal from his decision is taken, a case or exception must be settled in the usual form, for the argument of such appeal. By section 265 it is provided that a motion for a new trial, on a case or exceptions or otherwise, must, in the first instance, be heard and decided at the circuit or a special term, except that when exceptions are taken, the judge, at the trial, may direct them to be heard in the first instance at the general term, and that the judgment in the mean time be suspended. And when the case presents only questions of law, the judge may direct a verdict subject to the opinion of the court at general term; in either of which cases no judgment can be entered until the case has been heard at a general term.

The plaintiff in this case insists that the provisions of section 265 apply to all cases tried at the circuit; and that in all such cases a motion for a new trial must be made at circuit or special term, before an appeal from the judgment entered upon a verdict can be taken. In my opinion this is not the true construction of these provisions of the code. In the principal case there was no question of fact tried. The pleadings presented a question of law only, which was heard

and decided by the court, who directed the verdict which was entered by the clerk, and judgment was entered thereon. And I think this judgment, in contemplation of law and also in fact, was entered upon the direction of a single judge; and, exception having been duly taken, that the decision of the judge, made thereon, may be reviewed at general term, on appeal, without further hearing of the same question before another single judge.

The conclusion at which I have arrived is, that when a question of law only is raised at the circuit, which is decided by the justice there presiding, and disposes of the whole case, and the justice directs the verdict, and judgment is entered thereon, an appeal from such judgment may be immediately taken. And the decision, as I think, is in conformity with the provisions of the code, and not in conflict with the decisions to which the plaintiff has referred.

In *Cobb* v. *Cornish*, (16 *N. Y. Rep.* 602,) questions of evidence, and other questions, arose and were decided at the trial, and exceptions taken to the decisions of the court thereon. The case was submitted to the jury on questions of fact, under instructions from the court. A verdict was found for the plaintiff; and the court ordered a motion for judgment, upon a case, to be heard in the first instance at a general term, and judgment in the mean time to be suspended. The general term heard the motion and rendered judgment for the defendant. The plaintiff appealed, and the court of appeals reversed the judgment as for a mis-trial, and ordered a new trial. The only question was whether the court below could order that case to be first heard at a general term, and judgment in the mean time to be suspended. The court of appeals held it could not, and the judge who gave the only opinion in that court says, " There are but two cases in which the proceedings upon the trial at the circuit can be reviewed, at the general term, in the first instance, *before judgment.*" This case, as I understand it, has no bearing on the one now before us.

· *Gilbert* v. *Beach*, (16 *N. York Rep.* 606,) was decided by the court of appeals at the same term with that of *Cobb* v. *Cornish*, and upon the same grounds. *Watson* v. *Scriven* (7 *How. Pr. Rep.* 9) was tried before a referee, who reported in favor of the plaintiff. The defendant made a case and moved, at a special term, to stay the plaintiff's proceedings on the report until a motion could be made to set it aside. That motion was denied, and the justice before whom it was heard remarked, in his opinion, that when, in case of trial by jury, there has been a general verdict, the motion for a new trial must be made at the circuit or a special term, and the decision on such a motion may be reviewed on appeal, under section 349 of the code. And he further said, that besides the appeal, before judgment, from such a decision under section 349, an appeal upon questions of law may be taken after judgment, under section 348; and I do not understand the last expression of opinion to be limited to those questions of law only which had been raised and decided on a motion for a new trial at circuit or special term, but to extend to all questions of law decided and the decision of which had been properly excepted to, either at the trial or on a motion for a new trial.

In *Taylor* v. *Harlow*, (11 *How.* 285,) a verdict was taken at circuit for the plaintiff, subject to the opinion of the court upon a case ordered to be heard in the first instance at a general term, where the case was heard and judgment rendered for the plaintiff. To the decision of the general term the defendant excepted, and afterwards moved at special term, on a case, for a new trial; when the court held that the practice had been irregular and the case was improperly ordered to be first heard at general term; but that it was not proper for a judge at a special term to interfere with that decision and overrule or set aside the judgment rendered by the general term.

The counsel for the defendant has referred to the case of *Wright* v. *Delafield*, (11 *Howard*, 465,) as authority for his

position that an appeal lies from a judgment entered on a verdict without first moving at special term to set aside the verdict or for a new trial; and to numerous other cases as showing that such appeals have been heard and decided without objection; and he has likewise referred to other sections of the code, supposed to be in accordance with and to sustain his position. Without particular reference to those citations, I am of opinion that under the sections of the code above referred to this appeal is well taken, and the motion to dismiss it should be denied, with $10 costs.

[NEW YORK GENERAL TERM, November 7, 1860. *Sutherland, Bonney* and *Hogeboom,* Justices.]