Wilcox *v.* Hoch.

Motion granted.

[SARATOGA SPECIAL TERM, July 9, 1872. *Bockes,* Justice.]

## WILCOX AND SMITH *vs.* HOCH.

A judge, at the circuit, has no power to grant a new trial, except where he has been authorized by the legislature to do so.

There are but two cases in which he may grant a new trial. One is, that at the same circuit at which a cause is tried he may, in his discretion, entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages. The other is when a motion is made for a new trial on a case or exceptions, or otherwise.

It is clearly within the power of the justice holding a circuit to direct a verdict subject to the opinion of the court at general term, and to instruct them to find upon a specific question of fact.

When a party is permitted to move to set aside a verdict and for a new trial, a general or special verdict as defined in section 260 of the Code is most obviously intended.

There is no mode by which a party in whose favor a general verdict is rendered and against whom the jury have answered specific questions of fact submitted to them by the judge can proceed, except to vacate the verdict, if the other party will consent; if not, then to move for a new trial upon the whole case; *it seems.*

In such a case, the party cannot move, at the circuit or special term, for a new trial of the specific question of fact submitted to the jury.

So long as there are disputed questions of fact in the case, it is erroneous for the judge, at the circuit, to direct a verdict for the plaintiff subject to the opinion of the court at general term.

Thus, where, upon the trial, the judge submitted to the jury the question whether the plaintiff agreed to extend the payment of the note in suit, as claimed in the answer, and then instructed them to find a verdict for the plaintiff subject to the opinion of the court at general term; and the jury found a verdict for the plaintiff, answered the question put to them in the affirmative and assessed the damages of the plaintiff; whereupon the plain-

tiff's counsel moved to set aside the verdict, and for a new trial on the question of fact submitted to the jury, upon the ground that the evidence was insufficient to authorize it; *Held* that the order of the special term, denying the motion, was right; and the same was affirmed, and the verdict set aside and a new trial granted.

APPEAL by the plaintiff from an order made at the circuit, denying his motion to set aside the special verdict, and for a new trial on the judge's minutes.

The action was brought upon a promissory note. The defense was that the plaintiffs had, for a good consideration, extended the time of payment.

*H. E. Turner*, for the appellant.

*Chas. D. Adams*, for the respondent.

*By the Court*, MULLIN, J.    On the trial, the judge submitted to the jury the question, Did the plaintiff agree to extend the payment of the note in suit until the fall of 1861, as claimed in the answer? and then instructed them to find a verdict for the plaintiff subject to the opinion of the court at general term.    The jury found, in obedience to the instruction, a verdict for the plaintiff, answered the question put to them in the affirmative, and assessed the damages of the plaintiff.    The plaintiffs' counsel moved the court to set aside the special verdict, and for a new trial on the question of fact submitted to them, on the ground that the evidence was insufficient to authorize it. The court denied the motion, and the plaintiff appealed.

The judge, at the circuit, has no power to grant a new trial unless where he has been authorized by the legislature to do so.    There are but two cases in which the judge at circuit may grant a new trial.    One is that at the same circuit in which a cause is tried he may, in his discretion, entertain a motion to be made on his minutes to set aside a verdict and grant a new trial upon exceptions, or for in-

sufficient evidence, or for excessive damages. (*Code,* § 264.) The other is when a motion is made for a new trial on a case or exceptions, or otherwise. Whether the motion in this case was made on the minutes, or on a case or exceptions, we do not know. As an appeal will lie from an order made under either provision, it is not important to ascertain the manner in which the question was presented to the justice holding the circuit.

By section 261 of the Code, the court is authorized to instruct a jury, if they find a general verdict, to find upon particular questions of fact to be stated in writing. It was clearly within the power of the justice holding the circuit to direct a verdict subject to the opinion of the court at general term, and to instruct them to find upon a specific question of fact. Whether both instructions can be given in the same cause, I propose to examine hereafter.

There are two kinds of verdicts defined in the Code, viz., a general and a special verdict. The former is that by which the jury pronounce generally on all or any of the issues, either in favor of the plaintiff or of the defendant. The latter is that by which the jury find the facts only, leaving the judgment to the court. (*Code,* § 260.) There cannot be a general and a special verdict upon the same issue, except so far as the jury may answer specific questions put them when they find a general verdict. Such an answer is not the verdict referred to in the Code, in sections 261 to 265. When, therefore, a party is permitted to move to set aside a verdict and for a new trial, a general or special verdict, as defined in section 260, is most obviously intended. If answers to specific questions are to be treated as verdicts, and the parties may move to set them aside and for new trials, it will follow that if the answer of one question is adverse to the plaintiff and another to the defendant, each may move for a new trial, and the party against whom the general verdict is rendered may move to set it aside, and thus we may have as many

motions and appeals as there are parties to be affected by the answers to the specific questions which have been submitted to the jury. The legislature never intended to introduce such a system of practice.

The plaintiff in this case proposes to retain the general verdict which was rendered in his favor, but fearing that the special finding might destroy the general verdict, he is laboring to get rid of that so as to leave the general verdict in full force. The defendant would doubtless consent that the general verdict be set aside, and the whole merits again opened for investigation, but the plaintiff is not willing to open the door to so broad an investigation.

It seems to me that there is no mode by which a party in whose favor a general verdict is rendered, and against whom the jury have answered specific questions of fact submitted to them by the judge, can proceed, except to vacate the verdict, if the other side will consent, and if not, then to move for a new trial upon the whole case.

If one party may move for a new trial on a specific question, so may the other. If a new trial is granted, those questions only can be tried. The general verdict standing, the whole merits cannot be tried while that is in force; but if it is reversed, there will be another trial on the merits, and thus the case will be tried in detached parcels and upon all the issues, thereby affording an opportunity for all persons to gratify their taste for litigation to the fullest extent. Section 262 of the Code provides that when a special finding of fact shall be inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly. So that in this case, if upon the fact specifically found by the jury, the court should be of the opinion that there must be a judgment for the defendant, and if the court should not be able to review the question of fact, great injustice would be done him. But if the defendant should have consented to vacate the verdict and for a new trial, he would have

Wilcox *v.* Hoch.

obtained all the relief the court could afford him. If the defendant would not consent, then, on the motion for a new trial on the minutes or on a case and exceptions, the court, finding that the question submitted had been improperly answered, would grant a new trial, if it was obvious that the answer would control the general verdict; and on an appeal from an order on such a motion, the general term would be authorized to review the questions of fact on the merits, which it could not do on an appeal from the judgment. I am of the opinion, therefore, that the plaintiff could not move, at the circuit or special term, for a new trial of the specific question of fact submitted to the jury, and the motion was therefore properly denied.

The practice pursued at the circuit, of ordering a verdict for the plaintiff, and at the same time submitting to the jury a specific question of fact, is alleged to be erroneous, and that there was, by reason thereof, a mistrial of the cause. That question is not now here, and can only arise when a motion is made at the general term for a judgment on the verdict. But the question is, to some extent, involved in the one just discussed, and it is therefore proper that it should be examined.

This court has held, in at least two cases, that it was a mistrial for the judge at the circuit to direct a verdict subject to the opinion of the court at general term, when there were disputed questions of fact in the case. As there are two or three cases reported which seem to be adverse to the decision in this district, it is proper that we should reëxamine the question, and conform our practice to that of other districts if we are mistaken in our views of it.

Section 265 of the Code provides that when, upon a trial, the case presents only questions of law, the court may direct a verdict subject to the opinion of the court at general term. The general term in the 8th district have held, (16 *How. Pr.* 542,) that questions as to the admis-

VOL. LXII.          33

sion or rejection of evidence, or other rulings during the trial not disposing of the merits, are not the questions of law contemplated by the Code in the section above cited. The court say: " The case itself must present the questions of law, that is, the case tried. The questions of law must arise out of the undisputed facts of the case. In such a case the court may direct a verdict subject to the opinion of the court at general term. The case will be settled in the form of ascertained and undisputed facts, involving no exceptions to the admission of evidence to prove those facts." In *Whitaker* v. *Merrill,* (28 *Barb.* 526,) a motion was made by the plaintiff for judgment on a verdict, subject to the opinion of the court. In that case, the plaintiffs sought to recover as assignees of one Evans, in trover, for three notes which the defendants had unfairly obtained possession of, and refused, on demand, to surrender. There was no dispute as to the ownership of the notes by Evans, the manner in which possession was obtained, the demand of and refusal to deliver the notes. But it was proved upon the trial that the defendants seized the notes upon an attachment against Evans, at a time when he was the owner, and of course before the plaintiffs got title. The judge, at the trial, directed a verdict subject to the opinion of the court at general term. The general term held that the judge had not the power to order a verdict subject to the opinion of the court. Welles, J., delivering the opinion of the court, says: " That (ordering a verdict subject to the opinion of the court) could not be done in this case." He then cites the provisions of section 265, above quoted, and says: " The case is not one of that description. In order to justify such a disposition of the case at the circuit, the facts should all be agreed upon, *or found by the jury, or established by conclusive evidence.* If there is no question of fact in the case, such a verdict may be ordered, but if there be one, however strong the evidence may be upon it, pro-

vided, from the nature of the case, evidence would be admissible to rebut or overcome it, the question should be submitted to the jury to pass upon, with proper instructions from the court." The only remark of the learned justice from which I dissent, in that part of the opinion cited, is that in which, after saying the facts must be agreed on, he adds, "*or found by the jury.*" The same position is put forward in several cases in the Superior Court of New York. That court seems to have followed the practice quite uniformly of taking verdicts subject to the opinion of the court, and directing the jury to pass upon specific questions of fact. I have not supposed this could be done, and propose, therefore, to ascertain, if I can, what the practice is in such cases.

The power to order a verdict subject to the opinion of the general term, is where the case presents only questions of law. When must the court decide whether the case presents only legal questions? Most clearly before the case is submitted to the jury. The verdict in such case is the act of the court; no discretion is given to the jury; they must obey the instruction. The court cannot wait to determine whether the instruction shall be given till the verdict is rendered, and then order the verdict thus found to be taken subject to the opinion of the general term. If such a course could be pursued, then in every case a verdict could be thus taken. The verdict which the court is authorized to direct is a general one for the plaintiff or for the defendant. If a special verdict is found, application for judgment upon it must be (§ 265) first made at the special term, unless exceptions have been taken, and then the court may order the exceptions to be first heard at the general term. The judge at the circuit has no power to require the jury to answer specific questions, unless they also find a general verdict, voluntarily or by order of the court. If specific questions are put to the jury, it is because there is conflicting evidence upon the

questions proper for them to pass upon. If the question has any relation to the merits, the very submission of it to a jury is the most conclusive evidence that the case is not one in which a verdict can be ordered subject to the opinion of the general term. There is not, therefore, any case in which a disputed question of fact can be submitted to the jury, and a verdict ordered subject to the opinion of the general term. (*Cobb* v. *Cornish*, 16 *N. Y.* 602. *Gilbert* v. *Beach*, *Id.* 606.) As far back as *Ely* v. *Adams*, (19 *John.* 313,) the practice was declared to be for the judge on the trial to order a verdict subject to the opinion of the court, if the facts were indisputable, and the judge either has doubts on the point of law or wishes to have it considered more deliberately, provided the parties consent. But if the facts were disputable, or if there was anything within the province of the jury to consider, the course would be, if either party objected to a case subject to the opinion of the court, to submit the case to the jury. In *Hyde* v. *Stone*, (9 *Cowen*, 230,) the value of certain property sued for was in dispute, but the court ordered a verdict subject to the opinion of the court. It was held irregular, but there was a disputed question of fact, and the parties had not consented to such a disposition of the case. (*Rich* v. *Rich*, 16 *Wend.* 676.) By general rule No. 36, of the former Supreme Court, it was declared that a general verdict subject to the opinion of the court on all the evidence given on the trial, should not be allowed, nor should any verdict be thereafter taken subject to the opinion of the court, except where the parties agreed on the facts proved, or when such facts were found by the jury. It will be seen that the provisions of the Code bring us back to the practice as it was before the adoption of rule 36, except that the consent of parties is no longer requisite.

It seems to me that this was not a case in which a verdict, subject to the opinion of the court at general term,

could be ordered, and that its being done has led to the difficulties in which the plaintiff finds himself; and as it will save trouble and expense to inform the parties of our views of the practice, and enable them to relieve themselves from the mistakes in which they are involved, and go down to the circuit unembarrassed by any questions of practice, the order of the special term should be affirmed, with costs, and the verdict set aside and a new trial ordered.

New trial granted.

[Oswego General Term, July 8, 1862. *Mullin, Morgan* and *Bacon*, Justices.]