## Dickerson and others *vs.* Wason and others.

Where, upon a trial at the circuit, the judge, after submitting questions of fact to the jury, directs that the exceptions be heard in the first instance at the general term, on the hearing at general term the court has nothing to do with the findings of fact; and even though erroneous it cannot interfere to correct them.

The judge at the circuit cannot direct a case to be reviewed and heard at the general term in the first instance, if there are questions of fact to be examined, so far as relates to such questions.

Where the judge submitted several questions to the jury, although he told them there was no conflict of evidence in the case, and gave as a reason why he could not decide the case as a matter of law that it was the province of the jury not only to determine as to the credibility of witnesses, where there was a conflict of evidence, but to determine the weight of circumstances as evidence; it was *held* that such a rule, if there was no conflict of evidence to call in question the credibility of witnesses, or to pass upon the weight of testimony, was clearly erroneous.

Dickerson *v.* Wason.

EXCEPTIONS ordered to be heard at the general term, in the first instance.

*By the Court*, INGRAHAM, J.   The judge, upon the trial, after submitting questions of fact to the jury, who found for the plaintiff, directed that the exceptions be heard in the first instance at the general term, and suspended judgment.   It must be apparent therefore that on this hearing we have nothing to do with the findings of fact ; and even if they were erroneous, we could not now interfere to correct them.   In fact, the judge at the circuit cannot direct a case to be reserved and heard at the general term in the first instance if there are questions of fact to be examined.   (*Cronk* v. *Canfield*, 31 *Barb.* 171. *Hoagland* v. *Miller*, 16 *Abb.* 103.   *Lake* v. *Artisans' Bank*, 17 *id.* 232.   *McBride* v. *The Farmers' Bank*, 26 *N. Y. Rep. p.* 450.)   In the latter case, Selden J. says : " This cannot be done where any essential fact is left in actual doubt by the evidence."   The general term, in this district, held that where the question arose on an exception to a dismissal of the complaint, and the exceptions were reserved for the general term, it was a mistrial.   (*Hoagland* v. *Miller*, 16 *Abb. p.* 103.)

There is another class of cases where on the trial the case presents only questions of law, and the judge may direct a verdict subject to the opinion of the court at general term. That is not this case, nor can that be resorted to where there are any facts in dispute.   (*Cobb* v. *Cornish*, 16 *N. Y. Rep.* 602. *Gilbert* v. *Beach*, *Id.* 608.)

In *Cobb* v. *Cornish*, Harris J. says : " Where the party desires to move for a new trial upon exceptions taken by him upon the trial, the judge may direct that the motion on the exceptions may be heard in the first instance at the general term."

In *Purchase* v. *Matteson*, (25 *N. Y. Rep.* 211,) Wright J. says : " There are but two cases where the general term can before judgment, and in the first instance, review the

proceedings.   One is, where the judge trying the cause directs the exceptions of the unsuccessful party to be heard in the first instance at the general term ; the other where there are no exceptions taken in the progress of the trial upon any questions of evidence, and the facts are uncontroverted."   In the former case, the general term either grants a new trial or renders judgment.   In the latter case, it renders final judgment in favor of either party who upon the conceded state of facts is entitled to it.   In the present case, the judge submitted several questions to the jury, although he told the jury there was no conflict of evidence in the case, and gave as a reason why he could not decide this case as a matter of law, that it was the province of the jury not only to determine as to the credibility of witnesses, where there was a conflict of evidence, but to determine the weight of circumstances as evidence.   Such a rule, if there is no conflict of evidence to call in question the credibility of witnesses, or to pass upon the weight of testimony, is clearly erroneous.   It left to the jury to say that although there is no conflict of testimony, we do not give credit to the witnesses, or if the evidence is all on one side, we may determine as to the weight of the circumstances proved.   Either was erroneous.   If there was no such state of the testimony as called for the decision of these questions as facts in the cause, the judge should have decided the matter as one of law, and instructed the jury accordingly.   If otherwise, he should have told them the facts were uncontroverted.

Upon the question of notice to the defendants, that the note was sent to Van Sams & Son as owners, or as the agents of the plaintiffs, the judge left it to the jury to determine the weight to be given to the circumstances proven.   That evidence consisted of the letter inclosing the note, stating it to be for collection, and when paid asking them to remit proceeds by mail, and the evidence of one of the defendants as to the mode of keeping their accounts, and the indorsement on the note, that it was indorsed for collection.   Whether this

Dickerson *v.* Wason.

gave the defendants the requisite notice was a question of law, which should not have been submitted to a jury.

So also the judge submitted to the jury the question whether the advance of money by the defendants to Van Sams & Son, was from the course of dealings between them an advance upon this note in suit or not. That also was a question of law, and should have been decided by the court. There was no contradictory evidence, but a plain statement of the transaction, which left no fact in dispute.

We are told on the argument, that conceding these questions were improperly left to the jury, we can still see that the defendants had no right of complaint, and therefore should order a judgment on the verdict. But, I think, we have no such power at the general term. If the finding of facts by the jury is under an erroneous charge, we cannot, where the case is reserved merely for hearing the exceptions, ascertain the facts, or find what they are; that must be done by the jury, and if there are no facts in dispute, the judge at the circuit must so decide in the first instance. Any other rule would produce great confusion, and transfer to the general term the decision of questions of fact, and throw upon them the necessity of examining masses of testimony to ascertain the facts in a case, which should always be done by the court upon the trial.

Upon the trial it appeared in evidence that the draft was sent to the defendants by Van Sams & Son, with the information that it was sent by them for collection, and when paid to remit proceeds in draft on New York. It also appeared that the defendants were in the habit of making collections for Van Sams & Son, and did no other business with them, except to make collections; that they owed them no money except for collections, and that they were in the habit of remitting to them funds to make a balance sufficient to cover collections made by the defendants for them, and when they collected drafts they would advise Van Sams & Son, and credit them therefor. That often these collections were

anticipated by money sent in advance. That this course of business continued after the receipt of the draft in controversy, and such remittances were made on the 17th and 20th of August, to an amount sufficient to cover this draft excepting a balance of five dollars eighty-two cents. That on the 27th August, when this draft was paid to the defendants, they credited Van Sams & Son with the amount, gave them notice thereof; and in the latter part of August Van Sams and Son sent a statement of the account between the parties showing the charge of the moneys received per their draft, and crediting the defendants with the amount advanced, claiming the balance of five dollars eighty-two cents. It was not until the 6th October following, that the defendants had any notice of the claim of the plaintiffs to the draft in controversy. The judge told the jury that the evidence was that the advances were made in accordance with a certain course of dealing which prevailed between the parties. That it was not necessary that the advance should be made specifically on this draft. That they might so find ; and then left it to the jury to find on this subject as they thought proper.

The case of *Clark* v. *The Merchants' Bank*, (2 *Comst.* 380,) is very similar in its principles to the present. Gardiner, J. says : "If the question was one of law arising upon facts undisputed, then the inference should have been drawn by the court, and the motion for a nonsuit will present it for consideration." After referring to the facts of the case, he says : "It would be a singular mode of transacting business to give credit for securities and allow the funds thus constituted to be drawn against, and the drawer at the same time to retain the legal or equitable interest in the securities." The only difference between that case and the one under consideration is, that in one case the party sending the paper for collection drew against it after it was sent, and in the other, the party receiving it for collection sent money, after the receipt of the draft, to be applied as a credit for it after it was collected. It makes no difference in the application of the principle of

that case to this ; and, in the words of Judge Gardiner, " To hold that such drafts were transmitted for collection merely, with no right to a credit until they were actually paid, is to lose sight of the situation of these brokers, their business and its necessities." In *Warner* v. *Lee*, (6 *N. Y. Rep.* 144,) there was no advance made by the holder on the drafts received. If I am correct in the views I entertain as to the suspending judgment, the case is not regularly before us on appeal, but as we have heard the merits fully argued, and as we think there was error in the judge's charge, no good can come from sending the case back to have judgment entered, and then another appeal to be taken. It is better for all parties that a new trial should at once be ordered.

New trial ordered ; costs to abide the event.

[NEW YORK GENERAL TERM, April 1, 1867. *Leonard, Ingraham* and *Clerke,* Justices.]