# SUPREME COURT.

## HIRAM B. HOXIE agt. WILSON GREENE.

Where after verdict a motion for a new trial on exceptions is ordered to be heard at the general term, in the first instance, the case cannot be reviewed on the question that the verdict is against the *weight of evidence*.

Where the defendant has the *affirmative of all the issues*, he has the right to the *opening and closing argument* to the jury.

So *held* on the trial of an action upon a promissory note which was transferred to the plaintiff by the payee when past due, and the defendant set up as a defense in his answer; 1st that the note was given without consideration. 2d that it was given under duress by threats of criminal prosecution and of personal injury, and injury to the property of defendant by the payee and his wife. 3d that the note was transferred to the plaintiff after it became due; and 4th that the plaintiff was not the party in interest nor the owner of the note.

*Sixth District, Binghamton, General Term, January,* 1869.
BALCOM, BOARDMAN, PARKER and MURRAY, *Justices.*

MOTION for a new trial on exceptions taken at the trial, and ordered to be heard at general term in the first instance.

SHANKLAND and COUCH, *for plaintiff.*
BALLARD and WARREN, *for defendant.*

*By the court,* PARKER, J. This action is founded on a promissory note, dated, September 26, 1866, for five hundred dollars, payable to Daniel L. Wilson or bearer, on the first day of January, 1867.

The complaint after setting out the note, alleges, that the payee sold and transferred it to the plaintiff, on the 16th day of April, 1867, and that he was the owner of it.

None of these allegations are denied by the answer, but, it sets up affirmative defenses; 1st that the note was given without consideration; 2d that just before the giving of the note, the payee thereof and his wife corruptly colluded together, and falsely charged the defendant with having had

criminal intercourse with the wife of the payee, and demanded of the plaintiff that he should pay him (the payee) the sum of $2,500 dollars, as damages therefor, and thereupon threatened to kill him, and destroy his property, if he refused to comply with said demand. That under duress of such threats, and fear of their execution, he executed said $500 note, parcel of said $2,500, so demanded.

That said charge, so made against him, was wholly false. 3d. That the note was transferred to the plaintiff after it became due. 4th. That the plaintiff was not the owner of the note. Upon the trial, the plaintiff (under defendants objection that the cause of action stood admitted by the pleadings, and that the defendant had the affirmative of all the issues) proved the execution of the note and its transfer to the plaintiff at the time stated in the complaint, and read the note in evidence, with a computation of the interest thereon and rested. Evidence was then given upon both sides, on the first two issues made by the answer.

After the close of the evidence, the defendant's counsel claimed the right to make the closing argument to the jury, which was denied by the plaintiff's counsel. The court ruled that the defendant's counsel had the right so claimed by him; to which ruling the plaintiff's counsel excepted, and the counsel of the parties respectively addressed the jury in the order thus indicated. The jury found a verdict in favor of the defendant, whereupon an order was made and entered, giving the plaintiff sixty days to make a case and exceptions, and that the same be heard in the first instance at the general term.

The plaintiff's counsel makes a point, that the verdict is against the weight of evidence. That, is a question that is not reviewable here. Nothing but the exceptions taken upon the trial, can be ordered to, and heard by, the general term in the first instance. Applications for new trials, upon grounds other than those properly raised by such exceptions, must, in the first instance be heard and decided at the cir-

cuit or special term. (*Code*, § 265; *Cronk* agt. *Canfield*, 31 *Barb.*, 171, *and* 48 *Barb.*, 412).

The only question brought up by the exceptions, is whether or not the ruling at the circuit, that the defendant had the affirmative of all the issues, and consequently, had the right to the closing argument to the jury was erroneous.

It is very clear that upon the pleadings, the plaintiff was entitled to recover, without the production of any evidence on his part.

The defense is a confession of the facts alleged in the complaint, and an avoidance of their effect by the allegations of new facts.

The only issues between the parties, therefore, are raised by the allegations of the answer, which requiring no reply, are deemed denied by the plaintiff (*Code*, § 168). Upon those issues, the defendant then has the affirmative, and the plaintiff the negative; consequently, under the rule that the obligation of proving any fact, lies upon the party who substantially asserts the affirmative of the issue (1 *Greenl. Ev.*, § 7, 4) ; it was incumbent upon the defendant, to begin in the production of evidence. In other words, the burden of proof was on the defendant, and he had the right to begin and to reply, and consequently, the right to the opening and closing address to the jury. (*Huntington* agt. *Conley*, 33 *Barb.*, 218 ; *Elwell* agt. *Chamberlin*, 31 *N. Y. R.*, 611). If I am correct in the statement that the plaintiff was entitled to recover without the production of any evidence on his part, I do not understand the counsel for the plaintiff, to dissent from the conclusion above arrived at. He argues however, that the allegation of the plaintiff in the complaint, that the note was given "for value received" does not stand admitted by the answer, but is therein denied, and hence, that an issue is thereupon raised, of which the plaintiff has the affirmative and the defendant the negative.

The only form in which it is claimed that the answer gives any denial to the allegation referred to, is as follows: " The defendant for answer to the complaint of the plaintiff in this action avers that the instrument in the complaint mentioned, was given by the defendant to the payee mentioned without any consideration whatever." This is not a denial of the allegation in the complaint of the making of the note ; if the defendant made the note as alleged in the complaint, he was liable on it, even to the payee, until it was impeached by evidence on the part of the defendant, for a consideration is presumed ; so that it was not necessary for the plaintiff in suing upon it, either to state a consideration in his complaint or to prove one upon the trial (*Parsons on Notes &c.*, 175, *Ch. on Bills* 79, 8th *Am. Ed.*).

The averment in the complaint, that the defendant "made his promissory note in writing, whereby, by the name of Wilson Green, *for value received* he promised to pay" &c., must be regarded as an averment of the *making of the note described* and not of the fact of a valuable consideration received by the maker.

The words "for value received" are descriptive merely, (*Saxton* agt. *Johnson,* 10 *J. R.,* 418), so that notwithstanding the first defense above set forth, the plaintiff on production of the note, would be entitled to recover without the introduction of evidence. That defense does not put in issue anything alleged in the complaint, it is not a general or specific denial of any allegation in the complaint, but is matter in avoidance of the note.

The plaintiff starts upon the trial, free from any obligation to prove a consideration, but in so far as the subject of consideration is in controversy, the issue is raised by the affirmative allegation of the answer, that it was given without consideration ; clearly then, the burden of proof upon this issue, is upon the defendant, and he therefore has the affirmative.

The plaintiff's counsel insists that the plaintiff had the affirmative of the issue made by the fourth answer. That answer is as follows:

The defendant for a further answer, avers, upon his information and belief, that the plaintiff in the action is not the real party in interest nor the owner of the note in question, and that he has no interest in the same. The averment in the complaint on this subject is "that the plaintiff Hiram B. Hoxie, on the 16th day of April, 1867, for a good and valid consideration, bought the above described note of Daniel L. Wilson therein named, and took a transfer thereof from the said Daniel L. Wilson, and is now the lawful owner and holder of said note."

Now, as no part of this averment is denied, even by inference, except the conclusion; the transfer, thereof, by Wilson to the plaintiff, pursuant to a purchase by him, stands admitted. That fact alone makes the plaintiff the lawful owner and holder of the note, and upon the pleadings he is now, unless since such transfer, he has parted with the same.

The 4th answer, is then an affirmative defense raising the issue, that the plaintiff has since such transfer, ceased to be the owner and holder of the note, of which the defendant has the affirmative. The plaintiff clearly could not be called upon, to prove that since the transfer to him, he had not transferred the note. Applying to the case, the test, as to the right to begin and close the case which the plaintiff's counsel recognizes as the true test, *for which party would the judment be, if no evidence is given?* There can be no doubt such right belonged to the defendant.

The ruling at the circuit was correct and the defendant should have judgment on the verdict.

All concurred and it is so ordered.