## MARIA P. BOSTWICK *vs.* THE DRY GOODS BANK.

Though immaterial allegations be inserted in a complaint, that is not a cause of demurrer; and they cannot be stricken out on a motion for judgment for frivolousness of demurrer.

Redundant or impertinent matter, inserted in a complaint, do not furnish sufficient ground for a demurrer.

A complaint stated, in effect, that the plaintiff, being the owner of a certain United States bond, left it with B. & H., as her agents, to convert the same into cash for her; that B. & H. employed the defendant to accomplish that object; that the defendant sold such bond, or converted it into money, and instead of remitting the proceeds to the plaintiff, or her agents, B. & H., converted the same to its own use, by placing the same to the credit of B. & H. on their account : *Held,* on demurrer, that the complaint contained a good cause of action.

*Held,* also, that such diversion of the bond, or its proceeds, to the purpose of a security, or application upon B. & H.'s antecedent debt to the defendant, without the consent or authority of the plaintiff, or any fresh advances made thereon, did not constitute the defendant a holder in good faith and for value, as against the plaintiff.

*Held,* further, that even a person to whom B. & H. had, under such circumstances, voluntarily delivered the bond, upon an antecedent debt of theirs, could not hold it, as against the true owner.

MOTION by the plaintiff for judgment, for frivolousness of demurrer to complaint.

*A. & S. Loomis,* for the motion.

*Wm. Sharp,* opposed.

HARDIN, J.   The plaintiff, by her complaint, seeks to recover of the defendant money equivalent to the value of a United States bond which she left with Bush & Hely, to be sent to New York and sold, and which was by them, as her agents, sent to the defendant and sold, and the value, $585, received by it, but not paid over to Bush & Hely, nor transmitted to them for the plaintiff, and not transmitted to the plaintiff, but kept by the defendant.

The demurrer is on the general ground that the com-

plaint does not contain facts sufficient to constitute a cause of action.

The learned counsel for the defendant insisted, on the argument, that immaterial allegations are found in the complaint. Assuming that he is right, that is not a cause for demurrer; and they cannot be stricken out, upon this motion. Redundant or impertinent matter, inserted in a complaint, do not furnish sufficient ground for a demurrer.

It was said in *People* v. *Mayor &c. of New York*, (17 *How. Pr.*, 56,) that "under the Code, the plaintiff may present, in his complaint, a mass of heterogeneous facts, and a volume of unmeaning words, and any number of prayers for the most various and inconsistent relief, and none of these defects can be reached by demurrer, provided the complaint contains, no matter in what state of disorganization, the elementary constituents of a good cause of action." (See opinion of SUTHERLAND, J., p. 62; 1 *Duer*, 242; 11 *How.*, 218.)

The complaint in this case states, in clear terms, that the plaintiff was the owner of the United States bond, and that the plaintiff "caused to be left with Bush & Hely," the bond "to be by them as *agents* or bailees *for her*, sent to New York and sold and converted into money for her;" and it then alleges that the defendant was the correspondent of Bush & Hely; that the defendant received said bond from B. & H. for collection, about the 9th of November, 1875, and immediately sold it, or converted it into money, and instead of remitting the sum it got for it to the plaintiff or her agents, Bush & Healy, the defendant "converted the same to its own use by giving said Bush and Hely credit therefor *on their account.*" It thus appears that the plaintiff was the owner of the bond; that she left it with Bush & Hely as her agents, to convert into cash for her; that they undertook such agency; that in complying with the plaintiff's request and authority, they employed the

defendant ; that the defendant had the property of the plaintiff, or its proceeds, and has not paid, lent or advanced anything upon it, or for the plaintiff, or at her request ; and that the defendant "gave Bush & Hely credit therefor on their account."

There is nothing to show a fresh advance to Bush & Hely for the bond or its proceeds, and no consent or authority from the plaintiff is shown, to justify the application of it or its proceeds upon the account of Bush & Hely.

The allegation of the complaint that "by giving said Bush & Hely credit therefor on their account" must be held to mean that the proceeds were placed to the credit of B. & H.; and if not paid over, or a fresh advance made, the plaintiff would be entitled to have and hold the specific bond, if kept by the defendant, or its proceeds, if converted or kept by the defendant. The same is true if the defendant applied, or undertook to apply, the bond or its proceeds upon " their account " against Bush & Hely.

The bond thus diverted, or the proceeds diverted, to the purpose of a security or application upon Bush & Hely's antecedent debt to the defendant, would not constitute the defendant a holder in good faith and for value, as against the plaintiff. (6 *N. Y.*, 144. 26 *id.*, 450. 49 *id.*, 286, 291. 31 *id.*, 509. *Turner* v. *Treadway*, 53 *id.*, 650.)

Even a person to whom Bush & Hely voluntarily delivered the bond upon an antecedent debt of their's could not hold against the owner. (58 *N. Y.*, 73.)

But the rule is now established that a *bona fide* holder for value, who has become such relying upon the apparent title or ownership of commercial or other property, to which is attached a power of sale and the evidence of title, acquires a good title to the extent of such fresh advances and fresh indebtedness incurred upon the strength of the apparent title, (*McNeil* v. *Tenth Na-*

*tional Bank* 55 *Barb.*, 59, as modified by Court of Appeals, 46 *N. Y.*, 325; 49 *id.*, 289; 11 *Wall.*, 378; 48 *N. Y.*, 586; 40 *id.*, 314; 43 *How.*, 360.)

The allegations that the bond was delivered to Bush & Hely, that they were then unsound, and that they failed and assigned on the 13th of November, are not material to the questions above stated; and the absence of an averment that the defendant knew of such insolvency, need not be considered, here.

We have thus reached the conclusion that the complaint contains a good cause of action as stated.

There was no affidavit of merits produced upon the argument of this motion. Indeed, the defendant's counsel in effect stated that the complaint contained the facts upon which the defendant was willing to rest the question of its liability. The motion must therefore be granted, and judgment ordered for the plaintiff, with costs of the action, and $10 costs of this motion.

Judgment for plaintiff.

[At CHAMBERS, LITTLE FALLS, February, 1876. *Hardin*, Justice.]