By the Court.
Sedgwick, Ch. J.
The action is upon two promissory notes made by the Cleveland, Youngstown & Pittsburgh Bailway Company, and against the defendant .Buckley, the first indorser, and the defendant Ford, the second and last indorser. The question here is whether the answers of the defendants set out a defense. The answer of the defendant Ford will be first examined. This answer contains no defense, unless it be that of want of consideration for the indorsements or of a failure of consideration. The allegations “that the indorsements *350 of said notes were obtained by certain representations and statements on the part of the plaintiffs to him and upon which he relied, which have proved not to be true, and through which he was deceived and mistaken,” are not such sufficient allegations of fraud in obtaining the indorsements, as would allow the defendant in a proper case, to avoid the indorsement. The answer proceeds to aver that the indorsements “were in consideration of an agreement then and there made, etc.” This averment implies that there was a consideration for the indorsements, yet if the specification of what the agreement was, shows that it did not make a legal consideration, then all the averments taken together will mean that there was no other considerations which would be tantamount to there being no consideration. This would cover the possibility of the indorsements having been made for the accommodation of the onakers and to give them credit with the plaintiffs. For, if the defendants were accommodation indorsers, they have the right to set up an absence of consideration between the plaintiffs and makers, and an averment of want of consideration would imply that the makers did not receive credit, or that the contract upon which credit might have been given was without consideration (Sawyer v. Chambers, 44 Barb. 42).
The answer avers that the consideration was “an agreement then and there made on the part of the plaintiffs with the indorser, that the defendants should not be held liable for the payment of the said notes or any part thereof, but if there were any loss upon the .said notes, the plaintiffs should bear it, and they would not trouble the defendants about the matter, and would never call upon them for payment ; that the said notes should be paid out of the bonds then offered for sale by the Cleveland, Y. & P. Railway Company, the makers; that the said notes should be renewed from time to time. ” Stopping here, it is manifest that these averments constitute no defense to the action. . It is assumed that this agreement was not in writing. This assumption is not based upon any averment *351 of the complaint. Undoubtedly it accords with what the parties know to be the facts. These oral agreements cannot in any way affect the written obligation of the defendants to pay the notes. But on the other hand, they do not make any consideration for a contract. I speak with hesitation as to the agreement, “that the notes should be paid out of bonds then offered for sale, etc. (Chester v. Bank of Kingston, 16 N. Y. 336) ; yet prefer to say that what amounts to an oral agreement, that a man shall not be held to the performance of his written contract, is not a consideration for the contract.
The averments as to the agreement proceed, “that if the said notes were delivered to the plaintiffs, prior notes of the said Cleveland, Y. & P. R. Company, to the amount of the said notes, less the interest which was added in to the notes mentioned and described in the complaint, should be delivered up to the said railway company or to the defendants.” This agreement furnished a consideration for the indorsements, and the defendant is liable, unless it is alleged and proved that the consideration failed. The answer avers “ that the plaintiffs have not performed the said agreements. Strictly, this is a statement of a legal conclusion and not of a fact. Yet, at the trial and on the argument, no allusion was made to it. If there had been, an amendment of the pleading might have been allowed. And the point will not be considered, as was not considered that the answer did not show that the agreement was oral.
It is argued, that the non-delivery of the prior notes was not a failure of consideration (Catlin v. Hansen, 1 Duer, 309). This case went upon the facts affirmatively alleged in the answer. Judge Campbell said (p. 321), The allegation is, “that Beecher was the holder of the first note and received the note in suit, agreeing to give up the other. The effect of his receipt and agreement was to destroy in his hands the first note.” Judge Bosworth said (p. 326), “Whether the evidence given was competent under the pleadings, and whether the facts set up in *352 the answer constituted a defense, even .if true, are as truly different questions that the answer stated that the note in action was delivered to Beecher to take up the other note ; that he agreed to deliver up the other note ; that he refused to deliver up the other note, but kept both ; that if these were the facts, the note in suit was a satisfaction in Beecher’s hands of the first note ; that there was no allegation that Beecher did not in fact hold the first note at the time the second was accepted. The substance was, that from the answer, it appeared that the note became due before it left Beecher’s hand, and therefore neither he nor a subsequent transferee could recover upon it. The present answer states no facts which would call for such an inference. The answer does not show who held the prior notes that were to be delivered up, or when any of them was to fall due. The allegations closest to this are, “that on or about the time mentioned in the complaint, one of the notes was falling due and the plaintiff desired to have it renewedthat a third person, a representative of the plaintiff “ further said that he controlled all the notes outstanding, then in question, including those held by the plaintiff.” The agreement was not confined to the delivery of notes held by the plaintiff. It would have been satisfied if notes held by any one had been delivered. There are some allegations that cause hesitation. On the whole, it should be held, that it does not appear from any allegations of the answer, that the notes that were to be delivered up had been satisfied by the transaction. And the case of Miller v. Ritz (3 E. D. S. 253), is to be followed. It says, “ suppose, after the payment of the judgment recovered below, the defendant should be sued by some third person, who is proved to be the holder of the first note, and to have been such holder at the time of the giving of the second note, how, in such case, could the defendant protect himself against the- payment of both notes ?” The consideration, which has failed did not move to the makers only; it was that for which the indorsers made their contract of indorsements.
*353 The answer further alleges, that the true history and account of the making and indorsement of the notes, etc., is as follows, and a number of facts are averred to have existed. It will not be necessary to say more than that, whether or not they contain in themselves a defense, they do not neutralize the effect of those parts of the answer that have been already considered on the question of consideration and failure of consideration.
It is doubtful that the further defense stated in the answer is valid. Each defense should be complete in itself, either by explicit averments, or by a reference to the other parts of the pleading. This defense does not aver that the defendant is an accommodation indorser and therefore entitled to take advantage of the nature of the contract between the makers and the plaintiffs, nor indeed is it stated with whom the agreement to surrender was made. On the other hand, the defects of this defense do not destroy the force of the defense earlier pleaded, and its positive averments do not show that the earlier averments as to the consideration or want of consideration, were untrue in fact, even if it were supposed that one defense could be disproved by inconsistent allegations of another defense. It is not meant to be said that the inconsistent allegations may not be used as evidence on the trial. That would permit the defendant to show which was the fact.
The pleading is not very clear or definite, yet it might sustain a defense which would show that the plaintiffs should not recover.
An examination of the answer of defendant Buckley, shows substantially the same kind of defense; that is, a failure of the only consideration upon which the indorsement could rest. The averments are of a rather confused and colloquial kind, but a dissection shows that the answer admits that the notes were renewal notes, afterwards averring that the notes to be renewed were not in fact renewed or offered for renewal.
On the trial, the defendants claimed the right to open the case to the jury and the judge properly gave them *354 such right (3 Chitty Pl. 875 ; De Graff v. Carmichael, 13 Hun, 129 ; Hoxie v. Green, 37 How. Pr. 97). The defendants thereby did not take the position as admitting that the defendants actually received consideration, but that the presumption from the note and indorsements, as admitted by the answer, was that there was consideration. They were entitled to rebut this presumption by evidence, if they could. The same is true as to the defense of failure of consideration.
The judgment should be' reversed, and a new trial ordered, with costs to abide the event.
O’Gorman, J., concurred.