# SUPREME COURT.

## BRADLEY agt. FANSHAWE.

*Complaint — Sufficiency of, in an action for wrongful conversion — Code of Civil Procedure, section 1721.*

In an action to recover damages for the wrongful conversion of certain bonds, a complaint alleging "that at a certain time this plaintiff, at request of defendant, delivered said bonds to defendant, as his agent, for the purpose and upon the agreement that the defendant would sell the same at a price satisfactory to the plaintiff, the proceeds of sale, when due, to be immediately delivered to this plaintiff, and, if not sold, returned upon demand to this plaintiff; that, prior to the commencement of this action, plaintiff duly demanded from the defendant the return of said bonds, but the defendant has refused to return said bonds, or any of them, to plaintiff, but has wrongfully converted the same to his own use to the damage of the plaintiff, &c.:"

*Held,* that the complaint contains every fact necessary to give to the plaintiff his right to relief. There is a sufficient allegation, that there has been a proper demand, and a refusal on the part of the defendant:

*Held,* further, that a wrongful conversion by the defendant of the property is sufficiently alleged:

*Held,* also, that the allegation that the bonds were duly demanded from the defendant is, in effect, a statement of the fact that the plaintiff, in accordance with the contract, duly demanded the return of the bonds. And this allegation also negatives any idea that there had been a sale of the bonds by the defendant.

*Special Term, December,* 1885.

Bradley agt. Fanshawe.

LAWRENCE, *J.*—Section 1721 of the Code of Civil Procedure relates to an action for the recovery of a chattel, or in other words to an action of replevin. This is not an action for the recovery of chattels, but an action to recover damages for the wrongful conversion of the bonds mentioned in the complaint, or in other words an action of trover.

I am therefore of the opinion that the complaint in this case states facts sufficient to constitute a cause of action. The allegation in the complaint is "that in the month of September, 1884, this plaintiff at request of defendant delivered said bonds to defendant as his agent, for the purpose and upon the agreement that the defendant would sell the same at a price satisfactory to the plaintiff, the proceeds of sale when due to be immediately delivered to this plaintiff, and if not sold returned upon demand to this plaintiff. That prior to the commencement of this action plaintiff duly demanded from the defendant the return of said bonds, but the defendant has refused to return said bonds or any of them to plaintiff, but has wrongfully converted the same to his own use to the damage of the plaintiff in the sum of $4,750."

It seems to me that every fact which is necessary to give to the plaintiff the right to relief is contained in the paragraphs of the complaint above quoted. The goods, if not sold, were to be returned upon demand to this plaintiff. The allegation is that, prior to the commencement of the action, the plaintiff duly demanded from the defendant the return of said bonds, but that the defendant has refused, &c.

Surely this is a sufficient allegation that there has been a proper demand and a refusal on the part of the defendant (*see Allen* agt. *Patterson*, 3 *Selden*, 476). After alleging that the defendant has refused to return said bonds or any of them to the plaintiff, it is further averred that he has wrongfully converted the same to his own use, &c.

It seems to me that this allegation sufficiently states a wrongful conversion by the defendant of the property. If not sold, the bonds were to be returned upon demand to the plaintiff. I

regard the allegation that the bonds were duly demanded from the defendant as in effect a statement of the fact that the plaintiff, in accordance with the contract, duly demanded the return of the bonds (*see Bostwick* agt. *Dry Goods Bank,* 67 *Barb.,* 449; *Allen* agt. *Patterson,* 3 *Selden,* 476; *Decker* agt. *Matthews,* 2 *Kernan,* 313). This allegation also, in my opinion, negatives, as is contended by the counsel for the plaintiff, any idea that there had been a sale of the bonds by the defendant.

There must be judgment for the plaintiff upon the demurrer, with leave to the defendant to answer over on payment of costs.