By the Court. Hoffman, J.
A similar question to that which arises in the present case, has been before the Court, in the *367 late cases of Freeman v. Orser, (5 Duer, 476,) and Burger v. White, (November Term, 1857, Ante p. 92.) Under what circumstances, property, resulting from the earnings and labor of a wife, can be exempt from seizure by the husband’s creditors, is the point there and here raised. Whether the present case would be governed by the one or the other of those decisions—whether it would fall within the general principle of the former, or the exception established in the latter, would require a careful analysis, of both, and comparison of the facts. We are not called upon to determine this question, for there is one point which compels us to send the case back for a new trial.
The verdict was taken by consent, subject to the opinion of the Court, with liberty to dismiss the complaint. This course is permitted by the Code, when, upon a trial, the case presents only questions of law. In that case, judgment may be given at the General Term. (§ 265.)
All this presupposes settled, or undisputed facts. It is contrary to the theory of a trial by jury, and unwarranted by the Code, to take a verdict, subject to the opinion of the Court, when facts are to be deduced from disputable or uncertain evidence.*
We do not understand, that the amendment made in 1857, to the 333d section of the Code, varies this rule. It directs a concise statement of the facts, upon which the questions or conclusions of law arose, to be prepared by the Court, (of course, at General Term,) and be filed with the judgment roll. But those facts must, we presume, have come before the General Term, ascertained and settled, or admitted in the usual manner, or be established by evidence to which there is no contradiction, and the force and effect of which is not doubtful. This statement is made “for the purposes of a review in the Court of Appeals,” and for such purposes only. (Laws of 1857, chap. 723, § 11, as amended, sub. 2, and § 333, as amended.) It is not a statement of facts found by the Court upon doubtful or conflicting evidence, but a summary of the facts, in relation to which there is no doubt or dispute, out of which facts the questions of law arise, which the Court is called on to determine, and which alone they decide.
Now, Ingersoll swore positively to admissions of the plaintiff, *368 that she had received money ($250) from her husband in California, and that the piano seized, belonged to her husband. He also stated, that she said she had paid for the piano with money received from him.
Eow this would not be true, in fact, as the purchase was made in August, 1849, and the husband did not get to California until September. The witness fixes the conversation with the plaintiff to have beén in 1850.
Yet it by no means follows, that she may not have said all that is deposed to, and still less, that the main fact, of a remittance to purchase a piano, may not have been admitted, and loosely spoken of, as having been applied to pay for it.
This matter should have been submitted to the jury.
New trial ordered, costs to abide the event.

 Cobb v. Cornish, (16 KT. Y. B. 602.) Gilbert v. Beach, (Id. 606.)