CLEVELAND *v.* BOERUM *et al.*

An assignee in bankruptcy under the act of 1841, who has notice of a suit for the foreclosure of a mortgage pending against the bankrupt, which he could defend in the name of the bankrupt, is bound by the decree, though not made a party nor intervening in the suit.

*It seems* that the assignee, or his grantees, if not foreclosed, were limited, by the eighth section of the act of 1841, to the period of two years for the commencement of an action to redeem the land mortgaged: *Per* SUTHERLAND, J.; DENIO, GOULD and ALLEN, Js., concurring.

APPEAL from the Supreme Court. Action for the redemption of land from a mortgage executed in March, 1836, by J. S. McKibben and Thomas Nichols. The sum secured was $39,000, payable in April, 1841. In February, 1842, the mortgagees filed a bill in Chancery for the foreclosure of the mortgage, to which McKibben and one Strong, who had succeeded to all the interest of Nichols, were made parties defendant. Notice of the pendency of the suit was duly filed in the office of the clerk of Kings county, where the land was situated, March 7, 1842. Strong and McKibben appeared in the action; and on the 27th April, 1842, the usual order was made, requiring them to answer in forty days. The bill was taken as confessed for want of answer, and a decree of foreclosure made in November, 1842, under which the land was sold and conveyed by the Master to the defendants in this action on the 24th January, 1843.

Pending the foreclosure, Strong and McKibben filed their respective petitions praying that they might be declared bankrupt—McKibben on the 16th May, 1842, and Strong on the 16th June, 1842. In the schedule of debts annexed to each of their petitions the mortgage above mentioned was fully set forth, and in that annexed to McKibben's petition it was stated that a suit for the foreclosure thereof had been commenced. Both were duly declared bankrupt, and W. C. H. Waddell was appointed assignee of McKibben in June, 1842, and of Strong in July, 1842. Waddell did not apply to be made a party to the foreclosure suit, nor was any step taken by the plaintiffs in that suit to make him a party.

On the 4th March, 1844, the assignee, Waddell, sold the interest of Strong in the mortgage to one Clute, but did not execute a conveyance thereof until March 5, 1846. Clute conveyed to the plaintiff in this action, who, in November, 1844, had purchased of the assignee Strong's interest, which was conveyed to him in November, 1845. After offering to pay up the mortgage, and a refusal by the defendant, the plaintiff commenced this action on the 24th January, 1853. Upon proof of the foregoing facts, the judge before whom the

cause was tried dismissed the complaint. The judgment for the defendants was affirmed at general term in the second district, and the plaintiff appealed to this court.

*John A. Collier*, for the appellant.

*Amasa J. Parker*, for the respondent.

SUTHERLAND, J. In my opinion, the two years' limitation by section 8 of the bankrupt act (Acts of Congress, 1841, 5 Stat. at Large, p. 446) is a bar to this action. It is provided by section 8 that " no suit at law or in equity shall, in any case, be maintained by or against such assignee, or by or against any person claiming an adverse interest touching the property and rights of property aforesaid [the property of the bankrupt vested in the assignee by the decree], in any court whatsoever, unless the same shall be brought within two years after the declaration and decree of bankruptcy, or after the cause of suit shall have accrued." I think the interest or claim of the mortgagees touching the mortgaged property, under the mortgage, was adverse to the legal title and interest in the property vested in Waddell, the assignee, by the declarations and decrees of bankruptcy, within the meaning of this provision. The mortgage was due, and was a charge or lien on the legal title or interest vested in the assignee by the decrees of bankruptcy; and, although possession under the mortgage before foreclosure and sale would not have been adverse to the mortgagors or those claiming under them, yet, I think, the interest of the mortgagees was an adverse interest touching the mortgaged property at the time of the making of the decrees of bankruptcy, within the meaning of the provision of the 8th section of the act above quoted. I think the interest of the mortgagees may be said to have been an adverse interest touching the property to the extent of the amount due on the mortgage, for there was no right of redemption without paying, or offering to pay, the amount due on the mortgage.

The interest of the mortgagees was not only an adverse interest touching the property within the meaning of this pro-

vision, but, at the time of the vesting of the property in Waddell, the assignee, by the decrees of bankruptcy, this interest was in a most adverse or inimical position. A suit to foreclose the equity of redemption, to which McKibben and Strong, the bankrupts, were parties, was then actually pending, and of this suit, Waddell, the assignee, had notice, for in the schedule annexed to the petition of McKibben it was not only stated that the property was subject to the mortgage, but also that a suit had been commenced to foreclose it. The moment the legal title or interest passed to the assignee by the decrees, he had a right, by and under the order and direction of the court in bankruptcy (§ 11 of the act), to redeem. If there was any defence to the foreclosure suit, he had a right to defend by section 3 of the act. It is plain from sections 8 and 10 that it was the intention of the act that all questions concerning the bankrupt's property should be speedily settled, so that the bankrupt's property could be sold and the proceeds distributed among his creditors. If the interest of the mortgagees was an adverse interest touching the property within the meaning of section 8, at the time of making the decrees, then, by the very words of the section, no suit could be maintained against the person or persons claiming that interest, unless brought within two years after the declarations and decrees of bankruptcy. I do not see why the assignee, by section 8, was not bound to apply to the court for direction to redeem, and, if he could not redeem without suit, for direction to bring a suit for that purpose, and to bring such suit within two years after the decrees.

If the limitation of two years commenced running upon the vesting of the legal estate in the assignee by the decrees, then the right to redeem by suit never passed to the plaintiff, for the suit was barred by the limitation before the legal estate passed from the assignee. The decrees were made on the 16th of June and 28th July, 1842. McKibben's interest was sold by the assignee to the plaintiff on the 25th November, 1844, and the deed therefor executed to him on the 24th November, 1845. Strong's interest was sold by the assignee to Clute on

the 4th and 10th days of March, 1844, (within two years after decree,) but the conveyances to Clute for the same were not made until the 5th and 18th March, 1846; and Clute conveyed to the plaintiff the 7th and 19th of March, 1846. But suppose the two years' limitation commenced running at the date of the deeds under the Master's sale, (January 23d, 1843,) on the ground that the cause of suit, within the meaning of section 8 of the act, then first accrued; even then the action was barred before the legal title or estate passed from Waddell, the assignee, by his conveyances. Waddell could not convey or assign a right of action which had been cut off by the act, and which, therefore, he had not himself. I am inclined to think, also, that the plaintiff's right of action was barred by the ten years' limitation by statute. (2 R. S., pp. 301, 302, § 52; Code, § 97.) I think the ten years commenced running at least at the date of the foreclosure sale, which was on the 12th of January, 1843. This action was commenced on the 24th of January, 1853. But I prefer to put my opinion in favor of an affirmance of the judgment of the Supreme Court upon the ground alone that the plaintiff's action was barred by the two years' limitation provided in the act of Congress. My conclusion is, that the judgment of the Supreme Court should be affirmed, with costs.

DENIO, GOULD and ALLEN, Js., concurred that the two years' limitation was a bar to the action.

WRIGHT, J. A prominent and perhaps principal question is whether the decree in the foreclosure suit, barred the equity of redemption; for, if that was its effect, it is conceded that the plaintiff can maintain no action to redeem the mortgaged premises. It is well settled that a judgment in an action *in rem* binds not only the parties, but all claiming or deriving title under them by a transfer *pendente lite*. A purchaser or assignee, during the pendency of the suit, is bound by the decree made against the person from whom he derives title. (11 Ves., 194.) Indeed, text-writers extract from the cases the

broad rule that decisions *in rem* are binding and conclusive, not only upon the parties actually litigating the cause and their privies, but upon all others, if the suit was commenced against the proper parties, and if the judgment was obtained *bona fide* and without fraud. (Greenl. Ev., §§ 525, 540, 541, &c.; 1 Stark. Ev., 446, 547.) The present case is claimed to be an exception to the general rule, inasmuch as the right of McKibben and Strong had, during the progress of the cause, become vested in their assignee in bankruptcy, who had not been made a party. The idea is, that an assignee, upon whom the interest of the bankrupt has been cast, by operation of law, for the benefit of others, has a right to be heard for the protection of that interest; and what is constructive notice to the rest of the world is none to him, but to have made the decree binding on him, though in this case, having actual notice of the pendency of the foreclosure suit, he should have been brought in as a party by the plaintiff. I cannot coincide in this view. Undoubtedly the assignee had the right to defend; and he might have done so in the names of McKibben and Strong; but it was optional with him whether to defend or not, and if he elected not to interfere, the judgment should not be ineffectual or invalid because the plaintiff did not stop short in the suit and do something affirmatively that they had the right to claim should not be done, viz., substitute the assignee, against whom no personal claim could be made, for the mortgagors, against whom they had a right to a personal judgment for any deficiency. The holder of a mortgage is not precluded by a proceeding in bankruptcy from coercing by action a sale of the mortgaged premises for the satisfaction of his debt, and I can perceive no stronger reason for excluding an assignee under the bankrupt act of 1841, (who becomes such by the voluntary act of the bankrupts and not *in invitum*,) from the operation of the rule, than though the assignment were made voluntarily to any other person for the benefit of creditors. McKibben and Strong, the owners of the equity of redemption, were made parties and appeared in the foreclosure suit before there had been a transfer in any way of their interest. Had

Cleveland *v.* Boerum.

they afterwards voluntarily by deed transferred their interest to a stranger, even for the payment of debts, it will not be pretended that it would have been necessary to bring such assignee in as a defendant to bind him by the decree. Why necessary, when the assignee is the general one under the bankrupt act? The initiation of the proceeding was in no sense coercive or compulsory, but on the petition of the bankrupts, and they voluntarily procured the transfer. I am aware that there are English and American cases holding that, when the interest of a party is, by operation of law, and not by the act of such party, cast upon the assignee, the proceeding will be defective unless the assignee be brought in; and there are *dicta* in our own courts giving an assignment in bankruptcy as an example. The case of *Sedgwick* v. *Cleveland* (7 Paige, 287), which was decided before the bankrupt act of 1841, is of that class. The cases proceed upon the doctrine that, as a general rule, the real persons in interest must be parties to a suit in Chancery; and when, *in invitum*, a party has assigned his interest, the assignee must be made a party before the suit can be further proceeded in. Neither the case of *Sedgwick* v. *Cleveland*, nor any other in this State to which I have been referred, holds that, when there has been a transfer under the bankrupt act of 1841 to an assignee, who is empowered to protect the interest vested in him, either by procuring himself to be substituted as defendant in place of the bankrupt, or by permitting the suit to proceed in the bankrupt's name, and such assignee does not defend, but suffers a judgment *in rem* to be taken, such judgment is not binding and effectual, as against the assignee. Under the English bankrupt laws and our creditor's bills, when the transfer of property is the result of a compulsory proceeding, there is reason for saying that the transfer is by operation of law and involuntary; but I can observe none when the interest of the defendants has been cast upon the assignee by the voluntary act of the parties, and not so much for the benefit of creditors as for their own benefit. It can certainly make no difference in principle, when the transfer is caused by act of

the party, whether it be made by deed or proceeding in court; and if made in the latter way, there can be no reason for making a distinction as to the duty of the assignee. Waddell's rights accrued after filing of the notice of *lis pendens* in the foreclosure suit, to which his assignors were parties; and the interests of the bankrupts having been cast upon him by their voluntary act, I think he stands in the transaction upon the same footing as if he had taken a voluntary assignment for the benefit of creditors. The constructive notice by virtue of the *lis pendens* would have been effectual as against the assignees by deed *pendente lite* of McKibben and Strong, and there can be no reason in principle, or any rule of practice, why it should not be so when the assignment is voluntarily effected by instituting a proceeding to secure to them the benefit of the bankrupt act of 1841. To enable the assignee to protect the interests of the creditors of McKibben & Strong, it was not necessary that the plaintiffs should take any affirmative step, for the bankrupt act cast the duty on the assignee and clearly contemplates affirmative action on his part. If the bankrupts have any defence he may make it in their names, or he may be substituted in their stead. In this case the assignee could not have been substituted by displacing the defendants, for it was the right of the plaintiffs to have the mortgagors retained as defendants to enforce a personal claim against them. He might, perhaps, have been added, but not substituted. So that, after all, whether the decree in the foreclosure suit shall be binding and effectual upon, or a nullity as respects the assignee, depends upon a question of practice, viz., whether the plaintiffs or the assignee should have taken the initiative in causing the latter to be added as a defendant. It was not important to the plaintiffs, in the enforcement of their lien, that he should have been added as a party; and the assignee could have as fully discharged all the duty he owed to creditors by defending in the names of the mortgagors. Though the entire interest of the bankrupts vested in the assignee, and they were, so far as respected such interest, to be regarded as *civiliter mortui*, yet, irrespective of the question of title or ownership, the bank-

Cleveland *v.* Boerum.

rupt law provided that all pending suits at law or equity, in which the bankrupts were parties, might be prosecuted or defended by the assignee to their final conclusion, in the same way and with the same effect as they might have been by the bankrupts. The foreclosure suit did not abate or become so defective that it could not be further proceeded in until the assignee was made a party by supplemental bill. I can well perceive, in a pending suit in equity, where the whole interest of a party in the subject-matter in litigation is, by operation of law, transferred to a receiver or assignee, and there is no provision for the receiver or assignee prosecuting or defending the action in the names of the original parties, that such assignee or receiver should be brought in before further proceedings; but no such necessity can exist when the assignee is empowered by law to prosecute or defend in the name of his assignor. So that if Waddell is to be regarded as not standing upon the same footing as though he had taken a voluntary assignment, but is to be treated as if the interest of McKibben and Strong had been cast on him, by operation of law, for the benefit of creditors, a way was provided for him to be heard, and the duty was cast upon him to pursue it, if thereby the creditors were to be benefited. He had notice of the pendency of the foreclosure suit, and it was his duty to act for the protection of the interest vested in him, and to that end it was unnecessary that he should be added as a party. The presumption is that he did his duty. It affirmatively appears that McKibben and Strong had no defence to the foreclosure; and of course the assignee had none. It was his duty to interpose no defence, if he saw there was none. He was not required to raise so large a sum of money to pay off a lien, when the property was worth little more than the incumbrance. As the assignee did not ask to be made a defendant, I think it will be intended that he preferred defending, and did defend, as far as he could, in the names of the original defendants.

I can perceive no valid reason why Waddell was not bound by the proceedings and judgment in the foreclosure suit. If he had a right to be heard for the protection of the interest of

creditors, opportunity was given. If it were really necessary that he should have been made a party, it ought to have been on his application. An assignee in bankruptcy must necessarily, in all cases, have actual notice of all the facts. Waddell had such notice. The mortgagees, who complied with every requisite in commencing the suit, had no actual knowledge or means of knowledge of a change of interest. Under these circumstances it devolved on the assignee, if it were necessary to make him a defendant, to have it done on his application; or otherwise it will be intended that he preferred to defend and did defend in the names of his assignors, the original defendants. It cannot be that because an assignee in bankruptcy neglects his duty, with a knowledge of the facts, that a judgment *in rem* in a pending suit regularly obtained, when all the proper parties are brought into court at its commencement, is to be treated as a nullity, and of no binding force. So far as the assignee is concerned, if this were so, the assignee might lie by in any pending action for the foreclosure of a mortgage, and if the mortgagees, without knowing, or the means of knowing, that the mortgagor *pendente lite* had en declared a bankrupt, proceeded to judgment, and the title acquired at the foreclosure sale passed through divers *bonâ fide* subsequent purchasers as in the present case, at any period within ten years at least after such purchasers went into possession, the assignee (and, as it is claimed, his transferrees) might file their bill to redeem the mortgaged premises. In short, that the assignee might neglect the duty devolved on him by law to defend, and if the mortgagee failed to discover the transfer to him of the mortgagor's interest *pendente lite*, and consequently took no step to have him brought in as a party, at any time for ten years afterwards, he might do what he was required to do in the first instance for the protection of the interest of creditors, viz., pay off the lien. I am certain that this has not been the understanding of the profession or the public. The assignee in bankruptcy is affected by just such notice as other purchasers or assignees *pendente lite;* and, to make the foreclosure regular and binding upon him, it was not

necessary that he should have been substituted as a defendant on the application of the plaintiff. He could as well protect the interest of creditors without being added as a party: but if otherwise, he should have asked to come in. Not doing so, the intendment is that he defended as far as he could in the names of his assignors. I think the judgment in the fore-closure suit was conclusive upon him.

The judgment of the Supreme Court should be affirmed.

DAVIES, GOULD, ALLEN and SMITH, Js., concurred that the assignee, having notice of the suit, and being at liberty to defend in the name of the bankrupt, must be deemed to have waived any defence, and was concluded by the decree.

Judgment affirmed.