By the Court—Robertson, J.
Ho judgment appears to have been entered, or appeal taken, in this case. It comes before xxs upon a direction alleged to have been made on the trial, that the verdict taken be sxxbject to the opinion of the Court at General Term.
The testimony of the plaintiff, and of the president of the defendants, is in direct conflict as to the fact of notice by the former, of his rights, to the latter, which may be essential to the good faith of the permission by the latter allowing a transfer to a purchaser from a Beceiver. There were also exceptions, in the cause, to evidence.
A disputed question of fact, and conflicting evidence in relation thereto, and exceptions to the exclusion of evidence, prevent a Court at Special Term from sending a cause to be heard in the first instance at General Term, unless on exceptions. (Cobb v. Cornish, 16 N. Y. R., 602; Gilbert v. Beach, Id., 606; Brower v. Orser, 2 Bosw., 365; Sackett v. Spencer, 29 Barb., 180; Code, § 265.) Without such questions, the verdict is a mere matter of form to be changed according to the view of the Court at General Term.
*566 The case in this instance was settled without submission to the Judge who tried the cause. The Clerk’s minutes' show there was no reservation of a right to move for judgment at Special Term. If the order had been that the exceptions be first heard at General Term, this Court might have disposed of the numerous weighty questions involved in the case. As it is, upon the papers before us, we can only decide that we have no jurisdiction to interfere at General Term with the verdict at Special Term, and leave the parties to their remedies, if any, otherwise.