Monell, J. (dissenting.)
It does not appear upon which, of the three objections the learned justice dismissed the complaint ; but if any one of them is sufficient, the nonsuit cannot be set aside. The evidence established that the plaintiffs were the owners of the certificate in question, and were entitled to a transfer of the stock. The Jaudons and Dibblee & Cambios, the transferees named in the assignment and power of attorney, had transferred all their interest in the stock to the plaintiffs, and were present and consented, both orally and in writing, to the transfer to the plaintiffs. The plaintiffs had paid a valuable consideration, and were the holders and owners, and had the certificate in their possession, ready to be surrendered on the transfer being made. These facts dispose of the second and third objections.
As to the first, the plaintiffs were entitled to the transfer, if a transfer was demanded in a sufficient and proper manner. (Commercial Bank v. Kortright, 22 Wend. 348.) No reason appears to have been stated for refusing to allow the transfer to be made. No objection was made to the form of any of the papers, nor was it claimed that the plaintiffs were not the owners of the stock, or that any other person or persons had any interest in it. It seems to have been a mere arbitrary refusal, without assigning any reason whatever therefor. The only issues required to be proved by the plaintiffs were, their ownership of the shares, and their right to have them transferred. Those issues were proved by the testimony of the president of the plaintiffs’ company, and by the production of the consents of the Jaudons and Dibblee & Cambios to the transfer.
As between all the parties to the transaction, the plaintiffs had a complete title to the stock ; and as the case stood when they rested, no question had been raised touching such title, or right to a transfer.*
The duty of the defendants was simply to allow a transfer to be made on their books by the principal or his attorney, on a surrender of the certificate.
It does not appear by whom, nor when, the name of Ferdon, the attorney, was written in the power; but it does appear *404 that he was the transfer clerk of the defendants, and that he was present when the transfer was demanded, and was about to do it, when the defendants’ vice-president objected to. it.
It was claimed on the argument that Ferdon, the attorney, did not demand the transfer, and that the defendants were not authorized to allow the transfer to be made by any person other than the principal or his attorney. No one, I think, can read the evidence, and fail to believe that Ferdon was ready to act. He was about to do so, when he was directed by the defendants not to. He was an employee of the defendants, and subject to their direction and control. The transfer books were the property of the defendants, and Ferdon could not execute the act of transfer against their objections. It seems to me the objection stands upon too narrow ground. The only interest the defendants had was to see that the transfer was made conformable with their by-laws. If the principal or his agent made the transfer, and surrendered, the certificate, no responsibility whatever devolved upon the defendants. They owed no duty to see that the true owners got the stock, but were simply required to open their books and allow the transfer to be made. If, without right, the defendants refused of prevented the transfer from being made, they rendered themselves liable. (Commercial Bank v. Kortright, supra!) In the case cited, it was held that the assignment and power transferred the legal title to the stock to the holder, although not registered in the transfer book of. the corporation, notwithstanding a statutory provision that no transfer shall be valid unless so registered. Aud this court, in Purchase v. N. Y. Exch. Bank, (10 Bosw. 564,) decided the same way. The .condition requiring the transfer to be made on the books of a corporation is merely for the convenience of the bank, in paying dividends and ascertaining who are legal voters, and possibly, to prevent escape from liability of such as ought to contribute.
The condition is not for the protection of the corporation. As between the vendor and purchaser, the title is perfect, and the transfer can be made at any time ; until made, the corpo *405 ration is at liberty to treat the vendor as owner, and their dealings with him would be protected..
The position of the respondents involves the idea that the defendants had the right to object to the transfer being made. They had no such right. If the condition named in the certificate was complied with, they were bound to permit the transfer. No considerations of ownership or of value, or of good faith, could authorize the defendants to withhold their transfer book, or to refuse to transfer ; and I apprehend the error of the learned justice arose from a mistaken view of the duty of the defendants in regard to transfer of stock.
The defendants interposed, and prevented the transfer. It appears to me to be hypercritical to say the demand was not sufficient, because it was not made by Ferdon, the attorney named in the power. The plaintiffs owned the stock. Their title was perfect, and they merely desired to comply with the condition named in the certificate. The certificate had been executed in blank, and the name of the defendants' transfer clerk had afterwards been written in by some one. The plaintiffs presented the certificate, assignment and power to the same transfer clerk, and demanded that the shares be transferred to them. The transfer clerk was about to do it, when he was prevented by the defendants. This was all, it seems to me, the plaintiffs were required to do. It was all they could do, and the action of the defendants clearly, in my judgment, put them in fault.
The case might be otherwise, had the defendants placed their refusal upon some objection to the sufficiency of the papers, or of the demand. They might have said, we can allow the transfer only on the request of McDowell, or of his attorney, neither of whom make the request. Such objection, had it been made, might have been removed by producing McDowell and his making the request, or by getting his attorney, then present, to make it, It is too late now to make the objection for the first time, and the silence of the defendants, when they might have spoken, must conclude them.
*406 I am of opinion that the plaintiffs made out a prima facie right to recover, and that it was error to dismiss their complaint.
Judgment affirmed.