THOMAS H. CHEEK *et al. v.* JAMES A. ANDERSON
AND D. R. COOK.

BANKRUPTCY. ASSIGNEE. *Amended bill treated as original bill. Statute of limitations.* One partner having filed a bill against his copartner and a judgment creditor of the copartner who had levied his execution on land, the title to which was in the copartner, to have the land declared partnership property, because bought by the firm and paid for with the firm assets, shortly after which the land was sold under the execution and bought by the creditor, and then the firm went into bankruptcy, and three years thereafter the assignees, by leave of the court, filed a bill stating the previous proceedings, the adjudication in bankruptcy, the appointment of complainants as assignees, and that they had always been in possession and control of the property, and asking to be permitted to prosecute the suit. *Held*, on demurrer, that the bill of the assignees was an original bill in the nature of a supplemental bill, and that a mistake of the draftsman in calling it an amended bill and bill of revivor, would not vitiate it. *Held*, also, that the assignees were not barred of their action by the statute of limitations of two years, and that the court had jurisdiction.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

E. L. BELCHER and HUMES & POSTON for complainants.

JARNAGIN & FRAYSER for defendants.

COOPER, J., delivered the opinion of the court.

This bill was dismissed by the Chancellor on demurrer, and the complainants appealed. The original bill was filed on the 12th of February, 1876, by

Thomas H. Cheek against James A. Anderson, administrator of Wm. Fellows, deceased, and D. R. Cook. The complainant and defendant Cook were, and had been since 1865, partners in business in Marietta, Ga., under the firm name of Cook & Cheek. The defendant Cook had also been a member of the firm of Cook & Co., and afterward of Cook & Norton, firms composed of D. R. Cook and S. A. Norton, and doing business at Memphis, Tenn. . These firms were dissolved by the death of Norton on the 12th of June, 1873. Previously, on the 9th of May, 1873, under a decree of the Supreme Court of Tennessee at Jackson, in favor of a number of creditors, and among others, of Cook & Co. for nearly one-third of the entire debt against a common debtor, certain lots were sold lying in the city of Memphis, and D. R. Cook became the purchaser for $13,224.50, paying one-third cash, and giving his notes at six and twelve months for the residue. He declared then, and always afterward, that the purchase was made for the firm of Cook & Cheek, and the sum of $2300 of the cash payment and both of the notes for the other two-thirds of the purchase money were paid out of the means of Cook & Cheek. The title to the lots was, however, made to Cook alone.

On the 30th of May, 1873, defendant Anderson's intestate, Wm. Fellows, recovered a judgment against S. A. Norton in the circuit court of Shelby county. An appeal in error was taken to the Supreme Court, D. R. Cook being one of the sureties of appeal. On the 20th of October, 1875, this judgment was affirmed

by the Supreme Court, and a judgment rendered on the appeal bond against Norton's personal representatives and sureties. On this judgment execution issued and was levied on the lots mentioned above as the property of Cook, and were advertised for sale, when the bill was filed setting up the complainant's claim to treat the land as the property of Cook & Cheek, by reason of the payment of the purchase money out of the funds of the firm, and that the defendant Anderson, as administrator of Fellows, be decreed to have only acquired a lien on Cook's interest in the land, after a partnership settlement of Cook & Cheek, which was asked. No injunction was sued out to prevent the sale of the lots, and they were accordingly sold, under the execution levy, and bid off by Anderson, as administrator, on the 14th of February, 1876.

On the 10th of March, 1876, within less than a month after the filing of the original bill, Cook & Cheek filed their voluntary petition to be declared bankrupts in the District Court of the United States for the Northern District of Georgia, and were adjudged bankrupts, and, during the same month, B. E. Crane and R. H. Richards were chosen by the creditors and appointed assignees of all the property and effects of the bankrupts, and all the property, including the lots mentioned, were assigned to them. On the 29th of January, 1877, Crane and Richards, as such assignees, filed a petition in the chancery court, asking a removal of the suit of Cheek against Anderson and Cook to the Circuit Court of the United States, under the act of Congress. No action seems

to have been taken on this petition. On the 12th of February, 1879, Crane and Richards appeared in the chancery court and abandoned their petition of removal, and thereupon, leave was given them to file an "amended bill and bill of revivor" in the original cause, the order reciting that it appeared to the court that they were trustees in bankruptcy of Cook & Cheek, and entitled to revive the cause and prosecute it in their name, neither of the defendants having ever made any defense therein.

The bill thus filed stated the foregoing facts, and added that defendant Anderson had taken the sheriff's deed to himself as administrator, and still held the land for the benefit of the estate, never having disposed of any part thereof, reiterated the charge that Cook had bought the lots for, and with the means of Cook & Cheek, and averred that the "complainants have always been in the possession and control of the property attempted to be held by J. A. Anderson, administrator, as aforesaid." The prayer is, in substance, the same as that of the original bill.

The defendant Anderson filed a demurrer to the original bill, and a separate demurrer to the "amended bill and bill of revivor." It is obvious, however, that after the assignment in bankruptcy, the original complainant Cheek ceased to have any interest in the land. The suit, although it did not thereby technically abate, became, to use Lord Eldon's language, "as defective as if it was abated." *Randall* v. *Mumford,* 18 Ves., 428.

The assignees were entitled to the benefit of the

suit, which they might assert by an original bill in the nature of a supplemental bill. *Mills* v. *Hoag*, 7 Paige, 18; *Van Hook* v. *Throckmorton*, 8 Paige, 38. An amended bill and bill of revivor for this purpose would be demurrable. *Tappan* v. *Smith*, 5 Biss., 73.

But the bill of the assignees sets out their title as well as the previous proceedings, and contains the supplemental facts which have occurred since the 'filing of the original bill. It is in fact an original bill in the nature of a supplemental bill, and the misnomer of the draftsman cannot change its character. *Northman* v. *Liverpool, etc.. Ins. Co.*, 1 Tenn., Ch. 312. The first ground · of demurrer assigned, namely, that the bill should have been a supplemental bill, is, consequently, not well taken.

The second cause of demurrer is, that the suit was not brought within two years from the time when the cause of action accrued to the assignee, under section 5057 of the Revised Statutes of the United States. The land in controversy was levied on by Anderson as the property of the firm of Cook· & Cheek, because bought for it, and paid for with its money. If, indeed, it was thus bought, an individual creditor of one of the parties would only acquire by execution sale and purchase the interest of the debtor, after a partnership settlement. *Hunt* v. *Benson*, 2 Hum., 459 *Williams* v. *Love*, 2 Head, 81; *Baker* v. *Hardin*, 10 Heisk., 403; *Thomas* v. *Walker*, 6 Hum., 95; *Taylor* v. *Fields*, 4 Ves., 396; *Carmack* v. *Johnson*, 1 Green, Ch. 163. The assignees in bankruptcy were, of course, entitled to be admitted to prosecute the suit com-

menced by Cheek in their own name. Rev. St. U. S., sec. 5047; *Eyster* v. *Gaff*, 91 U. S., 524.

Whether the limitation of two years would apply to a suit pending at the time of bankruptcy in which the assignee has become a party, but after the lapse of more than two years, seems doubtful. *Cogdell* v. *Exum*, 69 N. C., 464; *Kane* v. *Pilcher*, 7 B. Mon., 651. We express no opinion on the point. For, however this may be, the statute would not run unless there was adverse possession, and this would require not only possession, but the claim of a title antagonistic to that of the assignee. *Banks* v. *Ogden*, 2 Wall., 58; *Stevens* v. *Houser*, 39 N. Y., 302. Possession under a claim of the interest of Cook alone would not be adverse. *Price* v. *Phillips*, 3 Robt., 448; *Cleveland* v. *Boerum*, 24 N. Y., 613. The bill does not show any possession by Anderson, and, on the contrary, avers that the assignees "have always been in possession and control of the property." In this view, the limitation has never begun to run, and the assignment is not well taken.

The third assignment of demurrer is, that the jurisdiction of this case is exclusively in the courts of the United States. By the Revised Statutes, sec. 711, it is provided that the courts of the United States shall have exclusive jurisdiction "of all matters and proceedings in bankruptcy." But the construction contended for would be incompatible with the provision of the Revised Statutes, sec. 5047, which directs that the assignee shall, if he require it, be permitted to prosecute in his own name any action pending at the

commencement of the proceedings in bankruptcy, in the name of the bankrupt, for the recovery of money or other things which might pass to the assignee by the assignment. Besides, the prosecution of a pending suit for any purpose, and especially if it be for the ascertainment of the bankrupt's interest in property by a partnership settlement, would not fall within the meaning of the words. *Cook* v. *Whipple,* 55 N. Y., 150. And it has been held that an objection that the assignee had not obtained permission from the bankrupt court to bring a suit, is of no avail unless pleaded. *Avery* v. *Ryerson,* 34 Mich., 362. And see *Claflin* v. *Houseman,* 93 U. S., 130.

The decree below must be reversed, the demurrer overruled, and the cause remanded.